IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Defendant | : | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Plaintiff | : | |
| v. | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 30th day of June, 2006, upon consideration of Arlington Industries, Inc.'s ("Arlington") motion (Doc. 253) to enter the confession of judgment and injunction agreed to by Bridgeport Fittings, Inc. ("Bridgeport"), alleging that Bridgeport breached Article III of the parties' Settlement Agreement[1] by making and selling a colorable imitation of the products subject to the

---

[1] The Addendum to the Settlement Agreement provides that "Brideport has consented to the entry of an executed copy of the attached Confession of Judgment and Injunction . . . in the event that Arlington alleges that Bridgeport breaches any provision of Article III of the Settlement Agreement." (Doc. 253, Attach. C.)

Settlement Agreement,[2] and the court finding that section 4.1 of the Settlement Agreement incorporates the term "colorable imitation" into the entire Settlement Agreement (see Doc. 256, Ex. A § 4.1 ("This Agreement shall cover all accused products and *any colorable imitation* . . . ." (emphasis added))),[3] and, therefore, that Arlington has sufficiently alleged a breach of Article III (see Doc. 253, Attach. C; Doc. 256, Ex. A § 3.1); see also supra note 1, it is hereby ORDERED that:

1. The motion to enter the confession of judgment and injunction (Doc. 253) is GRANTED.

2. The Clerk of Court is directed to DOCKET and ENTER the confession of judgment and injunction executed by Bridgeport Fittings, Inc. (Doc. 253, Attach. D) as of the date of this order.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Article III of the Settlement Agreement provides, *inter alia*, that "Bridgeport agrees to and shall cease importing, manufacturing, selling, and offering for sale Snap-In Fittings (as defined in paragraph 1.7 of this Agreement." (Doc. 256, Ex. A § 3.1; see also Doc. 256, Ex. A § 1.7 (defining Snap-In Fittings as including "all other accused products infringing the asserted claims")).

[3] The court is unpersuaded by Bridgeport's argument that Article III of the Settlement Agreement "does not impose upon Bridgeport any obligation with respect to 'colorable imitations' of the Snap-In Fittings . . . . [because] the term 'colorable imitation' does not even appear in Article III." (Doc. 255 at 5.) The parties clearly intended for the Settlement Agreement to cover colorable imitations. Not only does section 4.1 incorporate the term into the entire Settlement Agreement (see Doc. 256, Ex. A § 4.1), but the injunction referred to in the Settlement Agreement and accompanying Addendum also enjoined Bridgeport from making and selling "any colorable imitations" of the accused products (see Doc. 253, Attach. B).