# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG

MAR 1 3 2006

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

|  |  |
|---|---|
| Bridgeport Fittings, Inc., | ) |
| | ) |
| Plaintiff-Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Civil Action No. 3:05-CV-2622 |
| | ) |
| Arlington Industries, Inc., | ) Judge Christopher C. Conner |
| | ) |
| Defendant-Counterclaim Plaintiff. | ) |
| | ) |

WHEREAS, Plaintiff and Counter-Defendant Bridgeport Fittings, Inc. ("Bridgeport") and Defendant and Counter-Plaintiff, Arlington Industries, Inc. ("Arlington"), believe that the discovery process will require the disclosure by the plaintiff or the defendants and counterclaim plaintiffs or third parties who may become involved in the litigation (hereinafter Producing Party) to various parties (hereinafter Receiving Party) of confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c), and that it would facilitate discovery in this action to produce such information under a protective order pursuant to Fed. R.

Civ. P. 26(c) to protect such information from unnecessary disclosure to others;

Accordingly, IT IS HEREBY AGREED, subject to the approval of the Court, as follows:

1.     Designation Of Confidential Information

(a)     A Producing Party that produces materials during discovery in this action ("Produced Materials") may designate any Produced Materials that it in good faith considers to be confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c) as "CONFIDENTIAL". All such designated material, all copies, excerpts, summaries thereof and all information contained therein or derived therefrom shall hereinafter be referred to as "CONFIDENTIAL" information.

(b)     A Producing Party may designate any Produced Material that it in good faith considers to be information of a highly sensitive nature as well as confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c) as "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY". All such designated material, all copies, excerpts, summaries thereof and all information contained therein or derived therefrom shall hereinafter be referred to as "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information.

Case 3:05-cv-02622-CCC   Document 32   Filed 03/10/2006   Page 3 of 21

2.    Labeling Of Confidential Information

(a)    The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" shall be made in the following manner:

(1) with regard to written material (excluding transcripts of depositions or other pretrial testimony), a legend shall be affixed to the first page of the material substantially in the form of "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY".

(2) with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner; and

(3) each transcript volume (and related machine readable media, if any) of each deposition and any other pretrial testimony shall be  designated "CONFIDENTIAL" at time of deposition, except (1) for material expressly designated "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" either on the record or by letter within 14 days after receipt of the transcript by counsel for the designating party, (2) as otherwise consented to by the Producing Party, or (3) as ordered by the

Court. An appropriate legend substantially in the form above shall be affixed to the first page of each such transcript volume.

(b)    Materials described in paragraphs 2(a)(1) and (2) made available by a Producing Party to another party for inspection without confidentiality legends shall be deemed to be "CONFIDENTIAL NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" until copies are provided.

3.    <u>Disclosure And Use Of Confidential Information</u>

(a)    Except as provided in subparagraph (c) of this paragraph, "CONFIDENTIAL" and "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information and all copies, excerpts and summaries thereof and material containing information derived therefrom, shall be used solely for purposes of litigation between the plaintiff and defendants and counterclaim plaintiffs and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

(b)    Subject to paragraphs 4-7 and 12 hereof, information designated as "CONFIDENTIAL" may not be disclosed to the public at large, and may only be disclosed, summarized, described, revealed or otherwise made available in whole or in part in accordance with the terms of this Order, and only to the following persons:

31081283.1

4

(1)     outside counsel of record for the parties in this action,
        which are the attorneys at the law firms of Fulbright &
        Jaworski, L.L.P., Greenberg Traurig, LLP, Rhoads &
        Sinon LLP, and Rosenn, Jenkins & Greenwald, LLP,
        who have a need to know such information to fulfill their
        duties and responsibilities in connection with this
        litigation, vendors and litigation support services, and
        regular and temporary employees of such counsel to the
        extent necessary to assist such counsel in the conduct of
        this litigation;

(2)     current employees of plaintiff and defendants and
        counterclaim plaintiffs who have a need to know such
        information to fulfill their duties and responsibilities in
        assisting counsel in connection with this litigation;

(3)     independent experts and consultants and their staff
        (excluding current directors, officers or employees of the
        parties, but including former employees of the parties)
        retained to assist counsel for the parties in the conduct of
        this litigation;

(4)     witnesses or potential witnesses in this action (other than
        directors, officers or employees of the parties), and their

counsel, provided that the document or non-written material was authored by, created by or previously received by the witness or potential witness;

(5)    the Court and its employees and the jury, if any;

(6)    court reporters;

(7)    photocopy services;

(8)    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

(9)    jury or trial consultants;

(10)    document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases;

(11)    translators and/or interpreters; and

(12)    others as to whom the Producing Party has given written consent.

(c)    Subject to Paragraphs 4-7 and 12 thereof, information designated as "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" is of a highly sensitive nature and may not be shown to any employee of the Receiving Party, and may be disclosed, summarized and described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Protective

Order, and only to the persons described in Paragraphs 3(b)(1) (excluding prosecuting attorneys who may also be counsel of record), 3(b)(3), (4), (5), (6), (7), (8), (9), (10), (11), and (12).

(d)    The restrictions and obligations set forth in this Stipulation and Protective Order relating to materials designated "CONFIDENTIAL" and "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" shall not apply to (1) a Producing Party's use of its own "CONFIDENTIAL" or "CONFIDENTIAL NON-PROSECUTING OUTSIDE COUNSELS' ONLY" information for any purpose, or (2) any information which (i) the parties agree, or the Court rules, is already public knowledge, (ii) the parties agree, or the Court rules, has become public knowledge known other than as a result of disclosure by the Receiving Party, or (iii) has come or hereinafter comes into the Receiving Party□s legitimate possession independently of the Producing Party. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information if said person already has legitimate possession thereof.

(e)    This order shall not restrict an attorney who is a qualified recipient under the terms of paragraph 3(b)(1) from rendering advice to

his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of information designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY." In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information of another person or party where such disclosure would not otherwise be permitted under the terms of this Order.

4.    <u>Notice and Acknowledgment of Order</u>

(a)    Every person listed in Paragraphs 3(b)(2), (3), (8), (9), (11) and (12) to whom material designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

(b)    Furthermore, all persons listed in Paragraphs 3(b)(2)-(3) and (8)-(12) to whom disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY"

information is intended shall confirm their understanding and agreement to abide by the terms of this Protective Order by signing a copy of the acknowledgment attached as Exhibit A.

5.    Notification Of Intent To Disclose And Objections

(a)    Before a party may disclose information designated by any other party as "CONFIDENTIAL" or "CONFIDENTIAL -NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" to any person listed in Paragraphs 3(b)(3), that party shall, at least 10 business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information. Such notification shall state whether the person will have access to information designated "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" and shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall include a current description of such individual's current employment history over the past five (5) years and a general description of the individual's or individual's employer's relationship, if any, including consulting relationships. The notification shall include a copy of the signed acknowledgment made in conformance with Paragraph 4 of this Protective Order.

(b)    The notification and signed acknowledgment shall be delivered by hand, facsimile transmission or electronic mail, with confirmation by overnight delivery. Notification to plaintiff shall be delivered to:   Alan M. Anderson, Fulbright & Jaworski, LLP, 2100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402-2112. Notification to defendants and counterclaim plaintiffs shall be delivered to Kathryn L. Clune, Greenberg Traurig, LLP, 800 Connecticut Ave., N.W., Suite 500 Washington, D.C. 20006.

(c)    A Producing Party receiving a notification of intent to disclose "CONFIDENTIAL"    or    "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall be delivered in accordance with subparagraph (b) above within 5 business days of receipt of the notification of intent to disclose to which objection is made. If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the parties or the Court. Failure to object within the time period set forth above shall be deemed a consent. If the objection cannot be resolved by the parties within 10 business days of receipt of the objection, the party seeking to make the disclosure may seek relief from the Court, but the party making the objection shall have the burden of proof that the

31081283.1

10

the producing party refuses to agree, the receiving party may file a motion for an Order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the information designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" embodies its trade secrets or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7).

(b)    The parties are not obliged to challenge the designation of any "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

8.    Waiver

The disclosure by a producing party of "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without one of the appropriate designations required by paragraph 2(a), shall constitute a waiver of any claim of confidentiality, except where such disclosure resulted from inadvertence or mistake on the part of the producing party and such inadvertent or mistaken disclosure is thereafter brought to the

31081283.1

12

intended disclosure should not occur.  The proposed disclosure shall not be made until expiration of the time for seeking relief from the Court has expired without relief being sought, or the resolution of the objection by agreement of the parties or by the Court.

6.    Examination Of Witnesses

(a)    Any current employee or expert witness of a party may be examined at trial or upon deposition concerning any "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information of such party.

7.    Objections to Designation of Confidential Information

(a)    The acceptance of material designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING    OUTSIDE    COUNSELS' EYES ONLY" by the parties shall not constitute an admission or concession or permit an inference that the "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING    OUTSIDE    COUNSELS' EYES ONLY" information is in fact confidential.  This Protective Order shall not foreclose any party from moving for an Order that documents or other items designated CONFIDENTIAL or CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY are not, in fact, confidential.  Prior to bringing such a motion, the receiving party shall first request in writing that the producing party change its designation.  If

31081283.1

11

attention of the receiving party promptly after discovery of such disclosure, but not later than ten (10) days after such discovery. Also within ten (10) days of such discovery, the producing party shall provide properly marked documents. Upon such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things to the extent practicable, and not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY."

9.   Inadvertent Production Of Privileged OR Confidential Material

(a)   Should any "CONFIDENTIAL" or "CONFIDENTIAL- NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information be disclosed, through inadvertence or otherwise, by Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information and to bind such person to the terms of this Stipulation and Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Stipulation and Protective Order; (c) within five (5) days of the discovery of such disclosure, identify such person to the

producing party; and (d) request such person to sign the Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A. The executed agreement shall be served upon counsel of record for the producing party within five (5) days of its execution by the party to whom "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information was disclosed.

(b)     If it is discovered that information subject to a claim of attorney-client privilege, work product immunity, or information which should have been designated "CONFIDENTIAL" OR "CONFIDENTIAL NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" has been inadvertently or mistakenly produced, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product immunity, or confidentiality for such information so long as a request is made within ten (10) days of the discovery of the inadvertent or mistaken production. If a party has inadvertently or mistakenly produced information subject to claim of privilege, immunity, or confidentiality, upon request within ten (10) days of the discovery of the inadvertent or mistaken production, the information for which a claim of inadvertent or mistaken production is made shall be returned within three business days of request. Moreover,

31081283.1

14

any notes or summaries referring or relating to any such inadvertently or mistakenly produced information subject to claim of privilege, immunity or confidentiality shall be destroyed forthwith. In the event that any such information is an inadvertently or mistakenly produced document, all copies of that document, and any notes or summaries relating thereto, that may have been made shall be destroyed to the extent practicable forthwith.

(c)     Nothing in this Stipulation and Protective Order shall require disclosure of information which counsel contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

10.     <u>Filing Of Confidential Information</u>

If material designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" is to be filed with the Court in connection with any proceedings herein, it shall be filed in a sealed envelope marked with the caption of the case and the following or substantially similar legend:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
To Be Opened Only By Or As Directed By The Court
Civil Action No. 3:05-CV-2622

31081283.1

15

11.    <u>Other Remedies</u>

(a)    In the event that a party desires to provide access to or disseminate "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information to any person not entitled to access under paragraph 3, it may move for an Order that such person be given access thereto. In the event that the motion is granted, such person may have access to "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information or "CONFIDENTIAL" information after first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

(b)    This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

12.    <u>Duration of Order, Return of Confidential Material and Retention By Counsel</u>

(a)    This Protective Order shall survive the termination of this action.

(b)    After final termination of this action, trial counsel for the Receiving Party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits, documents and

16

other submissions to the Court or to opposing counsel, and "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information, to the extent it includes or reflects attorney work product. Within thirty (30) days after final termination of this action including any appeals, counsel for the Receiving Party either shall return all additional materials designated "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the party who has provided such "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" information in discovery or shall certify destruction thereof to such counsel.

SO ORDERED:

DATED: _____, 2006          DATED: _____, 2006

Alan M. Anderson                      Mark L. Hogge
C. Erik Hawes                         Kathryn L. Clune
Mark E. Ungerman                      Katie A. Jefcoat
FULBRIGHT & JAWORSKI, L.L.P.          GREENBERG TRAURIG, L.L.P.


BY _____             BY _____
       Attorneys for                         Attorneys for
       Bridgeport Fittings, Inc.             Arlington Industries, Inc.



SO ORDERED this  13ᵗʰ  day of  March _____, 2006

_____
Christopher C. Conner
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | ) | |
| Bridgeport Fittings, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:05-CV-2622 |
| | ) | |
| Arlington Industries, Inc., | ) | Judge Christopher C. Conner |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, _____, being duly sworn, state that:

1.   My residence address is _____.

2.   My present employer is _____ and the address of my present employment is _____.

3.   My present occupation or job description is _____.

4.   A copy of my *curriculum vitae* is attached hereto.

5.   I have carefully read, and I understand, the provisions of the Protective Order entered in this case, and I will comply with all provisions of the Protective Order.

6.   I will hold in confidence and not disclose to anyone not qualified under the Protective Order any information designated with the legend

"CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" or any words, summaries, abstracts, or indices of information designated with the legend "CONFIDENTIAL" or "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" disclosed to me.

7. I will return all information designated with the legend "CONFIDENTIAL" and "CONFIDENTIAL-NON-PROSECUTING OUTSIDE COUNSELS' EYES ONLY" and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   By:_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2006, I caused to be electronically filed the

**Protective Order** with the Clerk of Court by using ECF system which will send a notice of

electronic filing to the following:

    Kathryn L. Clune:  clunek@gtlaw.com

    Mark L. Hogge:  hoggem@gtlaw.com

    Robert J. Tribeck:  rtribeck@rhoads-sinon.com

I further certify that I caused to be mailed the foregoing documents and the notice of

electronic filing by first-class mail to the following non- ECF participants.

    Katie A. Jefcoat
    Greenberg Traurig, LLP
    800 Connecticut Avenue, N.W.
    Washington, DC 20006


Dated:  March 10, 2006.                    s/Alan M. Anderson
                                           Alan M. Anderson