IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | CIVIL ACTION NO. 3:01-CV-0485 |
| | : | |
| **Plaintiff** | : | (CONSOLIDATED) |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

-----------------------------------------------------------------------

| | |
|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **ARLINGTON INDUSTRIES, INC.,** | : |
| | : |
| **Defendant** | : |

## ORDER

AND NOW, this 6th day of March, 2008, upon consideration of the motion for partial summary judgment (Doc. 300), in which Bridgeport Fittings, Inc. ("Bridgeport") seeks summary judgment on the breach of contract counterclaim against it by Arlington Industries, Inc. ("Arlington"),[1] arguing that its new products

---

[1] Bridgeport also purports to seek summary judgment on its request for a declaration of non-infringement. (See Doc. 300 at 2 (seeking summary judgment on Count I of its complaint against Arlington); Doc. 302 at 1; Civil Action No. 3:05-CV-2622, Doc. 1 ¶¶ 20-21 (setting forth Count I as requesting "declaratory relief for non-infringement")). Such a request is premature as the parties did not have the court's construction of disputed claim terms when briefing this motion. Therefore, the court will deny Bridgeport's request for a declaration of non-infringement without further discussion.

are not "colorable imitations" of its previously admitted infringing products, and it appearing that Bridgeport relies on cases involving contempt proceedings,[2] but that Bridgeport does not explain how the *ratio decidendi* of these cases is applicable to the breach of contract claim in the instant matter,[3] it is hereby ORDERED that the motion for partial summary judgment (Doc. 300) is DENIED without prejudice to Bridgeport's right to seek summary judgment on Arlington's breach of contract claim in accordance with the schedule in the above-captioned matter (see Doc. 379).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] See KSM Fastening System, Inc. v. H.A. Jones Co., 776 F.2d 1522 (Fed. Cir. 1985) ("If there are substantial open issues with respect to infringement to be tried, *contempt proceedings* are inappropriate." (emphasis added)); Va. Panel Corp. v. MAC Panel Co., 139 F. Supp. 2d 753 (W.D. Va. 2001); Simmons Fastener Corp. v. Ill. Tool Works, Inc., 630 F. Supp. 1310 (N.D.N.Y. 1986); Mahurkar v. Arrow Int'l, Inc., No. 91-8243, 1999 WL 608707 (N.D. Ill. Aug. 5, 1999).

[3] Bridgeport recognized that "[a]s in most cases addressing the meaning of the phrase 'colorable imitation,' the issue in KSM arose in the context of the patentee's motion that the accused infringer be held in contempt for introducing its new product line." (Doc. 302 at 5.) However, Bridgeport has not addressed how the standards applicable to these contempt cases are likewise applicable to the matter *sub judice*.