# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| | : | |
| Plaintiff | : | **(CONSOLIDATED)** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| Defendant | : | |
| --- | | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| Consolidated Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| | : | |
| Consolidated Defendant | : | |

## **ORDER**

AND NOW, this 9th day of September, 2009, upon consideration of the motion in limine[1] (Doc. 478 ¶ 7) to exclude testimony concerning Arlington Industries' ("Arlington") role in the local economy, wherein Bridgeport Fittings ("Bridgeport") moves to preclude Arlington from presenting "(1) evidence that Arlington's headquarters and manufacturing are located in Pennsylvania and that it employs many Pennsylvanians; and (2) evidence that a few of the components

---

[1] The motion in limine (Doc. 478) filed by Bridgeport Fittings contains nine paragraphs, each of which requests exclusion of a separate category of evidence. The instant order of court concerns only paragraph seven. Forthcoming orders of court shall address the remainder of the motion.

used in Bridgeport's patented Whipper-Snap connectors are manufactured in China," (Doc. 514 at 2-3), and it appearing that the geographic location of Arlington's headquarters is foundational, but that evidence regarding the number of Pennsylvania residents that Arlington employs, and that some Bridgeport connectors are manufactured in China, is not relevant to prove any issues currently in dispute,[2] see FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."), it is hereby ORDERED that the motion in limine (Doc. 478 ¶ 7) to exclude Arlington's role in the local economy is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED insofar as it seeks to exclude evidence regarding the number of Pennsylvania residents Arlington employs and the fact that some Bridgeport components are manufactured in China. See FED. R. EVID. 402 (explaining that "[e]vidence which is not relevant is not admissible").

---

[2] Arlington argues that "an awareness of [its] general business operations—the history of the company, the type of products that it manufactures, and the development of the products at issue in the case—will help the jury to better understand the '050 Patent and its importance to Arlington's overall business strategy . . . ." (Doc. 497 at 4.) The court does not disagree. However, exclusion of the number of Pennsylvanians Arlington employs will not prevent the presentation of such evidence. The court's ruling also does nothing to constrain Arlington from introducing testimony regarding the size of its operations or the size of Bridgeport's operations. (See id. at 7-8 (asserting that evidence of Arlington's market position, size, and relationship with Bridgeport are relevant to calculate damages)). As Bridgeport acknowledges, its motion "does not seek to exclude size evidence." (Doc. 514 at 1.) However, evidence that some Whipper-Snap components are manufactured in China is irrelevant to prove willful infringement, or the computation of damages or reasonable royalty. Bridgeport has produced its financials, the complete scope of which are subject to in-court examination. Thus, Arlington will have ample opportunity to inquire into Bridgeport's manufacturing costs without need to explore the situs of Bridgeport's manufacturing operations.

2. The motion is DENIED in all other respects.

                                                      <u>S/ Christopher C. Conner</u>
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge