# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | CIVIL ACTION NO. 3:01-CV-0485 |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Defendant | : | |
| ---------------------------------------------------------------------------- | | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Consolidated Plaintiff | : | |
| v. | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| Consolidated Defendant | : | |

## **ORDER**

AND NOW, this 10th day of September, 2009, upon consideration of Bridgeport Fittings' ("Bridgeport") motion in limine[1] (Doc. 478 ¶ 3) to preclude Arlington Industries ("Arlington") from introducing evidence regarding Bridgeport's design intent, wherein Bridgeport argues that "[b]ecause an inventor's design intent is not an element of infringement, such evidence and arguments should be excluded under Rules 402 and 403 of the Federal Rules of Evidence,"

---

[1] The motion in limine (Doc. 478) filed by Bridgeport Fittings contains nine paragraphs, each of which requests exclusion of a separate category of evidence. The instant order of court concerns only paragraph three. The court has addressed several categories of evidence via prior order. (See Docs. 576, 582.) Forthcoming orders of court shall address the remainder of the motion.

(Doc. 484 at 1), and the court recognizing that design intent is not an element of infringement, see Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1519 (Fed. Cir. 1995), rev'd on other grounds, 520 U.S. 17 (1997), but that proper disposition of Arlington's willful infringement claim requires the factfinder to examine the totality of the circumstances, see Liquid Dynamics Corp. v. Vaughan Co., Inc., 449 F.3d 1209, 1225 (Fed. Cir. 2006) (stating that a "finding of willful infringement is made after considering the totality of the circumstances," and observing that "[t]he drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses" (quoting Rolls-Royce, Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1110 (Fed. Cir. 1986))), and that design intent may be relevant in such an inquiry,[2] see In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (setting forth a two-step willfulness inquiry, to wit: (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) that the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer"), and the court concluding that the probative value of the design intent evidence is not

---

[2] Bridgeport argues that the testimony of its designers does not tend to show that these individuals intentionally copied Arlington's '050 patent. (See Doc. 511.) Arlington's theory is not simply that Bridgeport's designers copied the '050 patent, but also that its employees copied the design of Bridgeport's Snap-In Fittings, which were found to infringe the '050 patent. (See, e.g., Doc. 493 at 8.) Evidence of copying is directly relevant to Seagate's second prong. Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1336 (Fed. Cir. 2009). In light of the unique historical facts of this case, including specifically an admission of past infringement, the court concludes that Arlington has the right to present its theory to the trier of fact.

substantially outweighed by the danger of unfair prejudice, see FED. R. EVID. 403; see also Blancha v. Raymark Indus., 972 F.2d 507, 516 (3d Cir. 1992) ("Evidence should be excluded under Rule 403 only sparingly since the evidence is concededly probative."), it is hereby ORDERED that Bridgeport's motion (Doc. 478 ¶ 3) is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge