# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Defendant | : | |
| ------------------------------------------------------------------- | | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Consolidated Plaintiff | : | |
| v. | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| Consolidated Defendant | : | |

## **ORDER**

AND NOW, this 11th day of September, 2009, upon consideration of Bridgeport Fittings' ("Bridgeport") motion in limine[1] (Doc. 478 ¶ 8) to preclude Arlington Industries ("Arlington") from introducing evidence of, or making any reference to, any prior disputes, litigation, or allegations involving the parties to the action, wherein Bridgeport specifically seeks to bar Arlington from presenting testimony regarding (1) the 2002 judgment holding Bridgeport liable for infringing

---

[1] The motion in limine (Doc. 478) filed by Bridgeport Fittings contains nine paragraphs, each of which requests exclusion of a separate category of evidence. The instant order of court concerns only paragraph eight. The court has addressed several categories of evidence via prior order. (See Docs. 576, 582-83.) Forthcoming orders of court shall address the remainder of the motion.

United States Patent 5,736,674 (the "Box Extender Action"), and the permanent injunction resulting therefrom, (2) the 2004 settlement agreement, consent judgment, and permanent injunction entered in the above-captioned matter (hereinafter referred to as the "Snap-In Action"), and (3) the 2004 litigation accusing Bridgeport of infringing United States Patent Number 6,335,488 (the "Snap-2-It Action"),[2] (see Doc. 482 at 1-3), and upon further consideration of the correspondence[3] received from the parties regarding the admissibility of the claim construction and final judgment entered in <u>Arlington Industries, Inc. v. Bridgeport Fittings, Inc.</u>, No. 3:05-CV-2622 (M.D. Pa.) (Caputo, J.) (<u>Arlington II</u>), and the court concluding that evidence and testimony relating to the Box Extender Action and the Snap-2-It Action—both of which involved entirely different patents—is not relevant to the instant issues of liability or willfulness, see FED. R. EVID. 401 (explaining that relevant evidence is that which has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable"), but that evidence concerning the confession of judgment and injunction in the Snap-In Action is probative to proof of willfulness

---

[2] Bridgeport also moves to exclude testimony concerning two additional matters filed in the Middle District of Pennsylvania: (1) <u>Arlington Indus., Inc. v. Bridgeport Fittings, Inc.</u>, Civ. A. No. 01-778 (M.D. Pa.), and (2) <u>Arlington Indus., Inc. v. Bridgeport Fittings, Inc.</u>, Civ. A. No. 02-252 (M.D. Pa.). Arlington has indicated that it "does not plan to enter testimony or evidence" with respect to these cases. (Doc. 498 at 4.) The court also finds that such evidence would be irrelevant to the issues at hand. Consequently, testimony regarding these matters will not be permitted.

[3] For ease of reference, these letters from the parties are attached as Exhibits A (Arlington) and B (Bridgeport), respectively.

and breach of contract,[4] and the court further concluding that evidence and testimony pertaining to the claim construction and judgment in Arlington II is not without probative value in the present action, but that its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues,[5] see FED. R. EVID. 403; see also Blanch v. Raymark Indus., 972 F.2d 507, 516 (3d Cir. 1992) (stating that Rule 403 often requires exclusion of "[e]vidence relating to previous litigation involving the parties"), and is likely to mislead the jury as it considers the claim construction pertinent to this suit, see Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1324 (Fed. Cir. 1986) (holding that once

---

[4] Willful infringement requires an inquiry into the totality of the circumstances. See Liquid Dynamics Corp. v. Vaughan Co., Inc., 449 F.3d 1209, 1225 (Fed. Cir. 2006). Within reason, events surrounding entry of the confession of judgment *in this case* are relevant to Bridgeport's state of mind. This, in turn, is relevant to the second prong of the Seagate analysis. See In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (setting forth a two-step willfulness inquiry, to wit: (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) that the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer"); see also Applied Med. Res. Corp. v. U.S. Surgical Corp., 435 F.3d 1356, 1366 (Fed. Cir. 2006) (holding that a prior judgment of infringement was relevant to the accused infringer's state of mind in a subsequent action). Thus, the court will permit Arlington to present evidence of the confession of judgment and injunction, which was entered in the above-captioned matter, (see Doc. 270), and which serves as an essential basis for Arlington's breach of contract claim.

[5] Bridgeport contends that the Arlington II decision is probative of non-willfulness, but the court disagrees. In order to determine whether Bridgeport willfully infringed Arlington's patent, the trier of fact must examine the facts and circumstances that existed at the time the Whipper-Snap products were placed into the market. See In re Seagate, 497 F.3d at 1371. Although the Arlington II matter dealt with two of the approximately thirty-two Whipper-Snap products, those devices are not at issue in the trial of this matter, (see Doc. 584). More importantly, the Arlington II decision was driven by Judge Caputo's conflicting claim construction. That construction is not relevant to the instant matter, and to inject conclusions derived from that construction will undoubtedly cause significant confusion. It would also prejudice Arlington's right to litigate this case pursuant to the claim construction issued by *this court*.

final, the court's claim construction is the law of the case); Fenner Inv., Ltd. v. Microsoft Corp., ---, F.3d ---, 2009 WL 1562866, at *9 (E.D. Tex. 2009) (prohibiting party from presenting conflicting claim construction to jury when his "argument is contrary to the claim construction order and was not raised prior to or even *following* the claim construction hearing" (emphasis added)); Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 597 F. Supp. 2d 897, 910 (N.D. Iowa 2009) (holding that "no party should be allowed to argue to the jury claim constructions that are contrary to the court's claim constructions or to reassert to the jury constructions that the court has already expressly or implicitly rejected"), it is hereby ORDERED that:

1. The motion in limine (Doc. 478 ¶ 8) to preclude Arlington from introducing evidence of, or making any reference to, any prior disputes, litigation, or allegations involving the parties to this action is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED insofar as it relates to the Box Extender Action, the Snap-2-It Action, and the matters identified in footnote 2 of this order. See FED. R. EVID. 402 ("Evidence which is not relevant is not admissible.").

    b. The motion is DENIED in all other respects.

2. The parties shall not present any evidence or arguments concerning the claim construction and judgment entered in Arlington II. See FED. R. EVID. 403 (explaining that evidence whose "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" shall be excluded from trial).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge