# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Defendant | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Consolidated Plaintiff | : | |
| v. | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| Consolidated Defendant | : | |

## **ORDER**

AND NOW, this 15h day of September, 2009, upon consideration of the order of court (Doc. 599) dated September 14th, 2009, wherein the court excluded evidence of "Bridgeport's decision to use catalog numbers and product numbers for its connectors that may appear similar to the numbers Arlington uses for its connectors," (id. at 1-2), and the facsimile received from counsel for Arlington, which was transmitted on the date hereof,[1] and which seeks to "clarify Arlington's statement that it would not seek to introduce evidence concerning the similarities

---

[1] For clarity of the record, the facsimile is attached as Exhibit A to this order.

between Bridgeport Fittings' and Arlington's product catalog numbers,"[2] and upon further consideration of the argument conducted on the record on the date hereof, and it appearing that evidence of Bridgeport's Whipper-Snap catalog numbers—and their comparison to Arlington's catalog numbers—is relevant to the totality inquiry required by In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007), and Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F.3d 1314, 1336 (Fed. Cir. 2009), and the damages calculation required by Panduit Corp. v. Stahlin Brothers Fibre Works, 575 F.2d 1152 (6th Cir. 1978), and that a district court has the inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), it is hereby ORDERED that:

1. The facsimile received from counsel, attached hereto as Exhibit A, is CONSTRUED as a motion for reconsideration as is GRANTED as so construed.

2. The provision contained in the order of court (Doc. 599) dated September 14, 2009, which granted Bridgeport's motion to exclude

---

[2] Bridgeport filed a motion in limine (Doc. 478 ¶ 2) on June 25, 2009 to exclude evidence comparing its catalog numbers with those of Arlington's. In its brief in opposition to this motion, Arlington stated that it "did not seek to introduce evidence related to the similarities between Bridgeport's and Arlington's product or catalog numbers." (Doc. 492 at 2 n.1.) Accordingly, the court did not consider the extent to which the evidence in question was relevant, but simply relied upon Arlington's statement and granted Bridgeport's motion in limine. (See Doc. 599 at 2.) In addition, the court's order (Doc. 599) was issued prior to jury selection, on the morning of trial. Arlington's facsimile was transmitted to the court approximately twenty-four hours later, and a ruling was required before Arlington's first witness, Thomas Gretz, took the stand. Thus, although the court is sympathetic to the time constraints under which Bridgeport was operating in order to respond to the facsimile, the merits of the evidentiary objection were presented both during the initial briefing, (see Doc. 485 at 8-9, 19-22), and during oral argument.

evidence that the "catalog numbers and product numbers for its connectors . . . may appear similar to the numbers Arlington uses for its connectors" is VACATED. Arlington witness Thomas Gretz shall be permitted to present a comparison of the parties' catalog numbers, but Arlington shall not be permitted to present evidence of e-mails exchanged between Bridgeport employees, wherein Bridgeport's product numbers were discussed, (see Exhibit A (describing e-mail evidence Arlington agreed not to offer at trial)).

3. All other provisions addressed in the order of court (Doc. 599) dated September 14, 2009 shall remain in effect except as modified herein.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge