# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| Plaintiff | : | **(CONSOLIDATED)** |
| v. | : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Defendant | : | |
| ---------------------------------------- | | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| Consolidated Plaintiff | : | |
| v. | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| Consolidated Defendant | : | |

## ORDER

AND NOW, this 7th day of December, 2009, upon consideration of the motion (Doc. 668) to prevent, or in the alternative to stay, execution of the non-final judgment, filed by Bridgeport Fittings, Incorporated ("Bridgeport"), wherein Bridgeport observes that the court has not yet rendered judgment on two Whipper-Snap connector models,[1] and that the judgment in the above-captioned matter is

---

[1] On the eve of trial, the court excised two Whipper-Snap connector models—3838ASP and 3838SP—from the collection of products to be presented to the jury for adjudication of infringement. (See Doc. 584 at 10.) The court held that it would "delay the presentation of evidence on these products until res judicata issues receive appropriate briefing." (Id.) Briefing on res judicata issues is currently ongoing and shall be complete by December 14, 2009.

therefore not "final" under Federal Rule of Civil Procedure 54(b), (see id. at 3), and recognizing that a final decision is one "issued by the trial court which 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,'" Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)), and that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," FED. R. CIV. P. 54(b), and it appearing that the judgment in the above-captioned matter is not final and not subject to execution at the present juncture, see Gerardi v. Pelullo, 16 F.3d 1363, 1371 n.13 (3d Cir. 1994) (explaining that "a judgment that is not otherwise final . . . is not subject to execution until the certification under Rule 54(b) is entered"); see also In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 162-63 (3d Cir. 2005) (Ambro, J., concurring), and that Arlington Industries, Incorporated ("Arlington") has not filed a motion for entry of a Rule 54(b) certification on those products judged to be infringing by the jury,[2] it is hereby ORDERED that Bridgeport's motion (Doc. 668) to prevent, or in the alternative to stay, execution of the non-final judgment is DENIED without

---

[2] Arlington appears to concede that the judgment rendered on October 7, 2009 is a non-final judgment. (See Doc. 713 at 2 n.2 (urging the court to "proceed either one of two ways to *resolve the issue of finality*) (emphasis added)). In a footnote contained in the brief in opposition to Bridgeport's motion to prevent, or in the alternative to stay, execution of the non-final judgment, Arlington recommends that the court simply dismiss the parties' infringement claims that relate to the 3838ASP and the 3838SP, or that it direct entry of final judgment for the products adjudged infringing by the jury. (See id.) The court declines to construe this footnote as a motion for entry of a Rule 54(b) certification of finality.

prejudice. Execution on the non-final judgment is premature at this time and a stay of execution is unnecessary.

                                                   S/ Christopher C. Conner
                                                   CHRISTOPHER C. CONNER
                                                   United States District Judge