**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

-------------------------------------------------------------------------

| | |
|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : |
| | : |
| **Consolidated Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **ARLINGTON INDUSTRIES, INC.,** | : |
| | : |
| **Consolidated Defendant** | : |

## ORDER

AND NOW, this 10th day of March, 2010, upon consideration of the motion
(Doc. 646) for attorney fees, filed by Arlington Industries, Incorporated
("Arlington"), wherein Arlington seeks reasonable fees and costs which it incurred
prosecuting the above-captioned matter, and recognizing that reasonable attorney
fees may be awarded to the prevailing party only in "exceptional cases," 35 U.S.C.
§ 285, that "[t]he court examines first whether there is clear and convincing
evidence that the case is exceptional, and second, whether an award of attorney
fees to the prevailing party is warranted," Evident Corp. v. Church & Dwight Co.,
Inc., 399 F.3d 1310, 1315 (Fed. Cir. 2005), and that only a "limited universe of

circumstances warrant a finding of exceptionality in a patent case," including

"'inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement,'" _Wedgetail, Ltd. v. Huddleston Deluxe, Inc._, 576 F.3d 1302, 1304 (Fed. Cir. 2009) (quoting _Epcon Gas Sys., Inc. v. Bauer Compressors, Inc._, 279 F.3d 1022, 1034 (Fed. Cir. 2002)); _see also_ _Revlon, Inc. v. Carson Prods. Co._, 803 F.2d 676, 679 (Fed. Cir. 1986) (explaining that attorney fees are appropriate in order to "avoid a gross injustice"), and the court concluding that Bridgeport Fittings, Incorporated

("Bridgeport") did not engage in litigation misconduct,[1] that it did not seek a

declaratory judgment of non-infringement in bad faith,[2] and that it engaged in no

---

[1] Arlington argues that Bridgeport "engaged in tactics designed to obfuscate and frustrate, rather than promote, the litigation process" when it "misquoted the law in motions practice," moved to stay the proceedings on the eve of trial, and "continually sought, and sometimes succeeded, to introduce evidence that had no bearing whatsoever on the issues at trial." (Doc. 695 at 15-16.) None of this alleged misconduct rises to the level of exceptionality under § 285. Bridgeport's motion for a last-minute stay was intricately intertwined with the issue of res judicata—an issue which has presented considerable difficulty in this case. Although Bridgeport should have raised this matter earlier than it did, the court has acknowledged that Bridgeport has a reasonable possibility of success on the merits on appeal. (See Doc. 776; see also Doc. 773 at 9-17.) Thus, Bridgeport did not commit *misconduct* by requesting a stay. The court also finds no litigation misconduct in Bridgeport's evidentiary submissions and trial presentation. Certain aspects of Bridgeport's trial narrative were, no doubt, excluded by the court as irrelevant; however, Bridgeport did not repeatedly proffer excluded testimony or frivolous argument. Rather, non-frivolous arguments predominated Bridgeport's trial presentation, see Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 372 F. Supp. 2d 833, 851-52 (E.D. Va. 2005) (finding no litigation misconduct when "non-frivolous arguments predominated" counsel's trial presentation, even if some arguments were "substantially less meritorious than others"), and the court cannot help but reiterate its earlier observation that "counsel [for both parties] has tried what I believe to be an excellent case in the sense that the presentations were extraordinarily professional," (Doc. 663 at 168-69). Finally, Bridgeport's misquotation of case law during summary judgment briefing was unfortunate, (see Doc. 471 at 32 n.23), but does not rise to the level of litigation misconduct. In the heat of litigation, zealous advocates occasionally attempt to refashion a case's holding beyond the proposition for which it stands. The court admonished Bridgeport to exercise caution in this regard, and Bridgeport did not reoffend. Thus, the court can safely attribute this to an error in judgment rather a bad faith litigation tactic.

[2] Bridgeport's claims for non-infringement survived summary judgment and Arlington's motion for a directed verdict; thus, the court cannot conclude that Bridgeport's arguments were baseless. See Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1370 (Fed. Cir. 2004) (finding party's claims non-frivolous when they survived prevailing party's motion for summary judgment); Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (finding "somewhat tenuous" district court's conclusion that party engaged in vexatious conduct when its defenses survived summary judgment and proceeded to adjudication by a jury).

other conduct which warrants a finding of exceptionality,[3] it is hereby ORDERED

that the motion (Doc. 646) for attorney fees is DENIED.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

---

[3] Much of Arlington's motion is based upon the jury's conclusion that Bridgeport willfully infringed the patent in question. (See, e.g., Doc. 695 at 1 ("The jury's findings on willful infringement are sufficient to support a finding that this is an exceptional case . . . .")). In the memorandum and order of court (Doc. 773 at 20-23) dated March 2, 2010, the court granted to Bridgeport judgment of non-willfulness as a matter of law. Consequently, the jury's willfulness finding is no longer a valid basis upon which to characterize this matter as exceptional.