# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARLINGTON INDUSTRIES, INC.,** : | **CIVIL ACTION NO. 3:01-CV-0485** |
| **Plaintiff** : | **(CONSOLIDATED)** |
| v. : | **(Judge Conner)** |
| **BRIDGEPORT FITTINGS, INC.,** : | |
| **Defendant** : | |
| ------------------------------------------------------------- | |
| **BRIDGEPORT FITTINGS, INC.,** : | |
| **Consolidated Plaintiff** : | |
| v. : | |
| **ARLINGTON INDUSTRIES, INC.,** : | |
| **Consolidated Defendant** : | |

## ORDER

AND NOW, this 29th day of March, 2010, upon consideration of the letter briefs (Docs. 781-84, 786) received from both parties, wherein Arlington Industries, Incorporated ("Arlington") requests that the court update the total damages amount prior to entry of final judgment, and Bridgeport Fittings, Incorporated ("Bridgeport") requests that the court stay execution of the final money judgment pending appeal without requiring that Bridgeport post a supersedeas bond, and it appearing that the parties agree that lost profit damages for the period July 1, 2009 to February 28, 2010 totals $528,130.22, (see Docs. 783, 786), that prejudgment interest on the original jury award for the period October 8, 2009 to March 15, 2010

is $72,218.25, (see Doc. 786, Ex. A ¶¶ 8-9 & Schedule 1-1A), and that prejudgment interest on the lost profit damages for the period July 1, 2009 to February 28, 2010 is $7,105.17, (see id., Ex. A ¶¶ 11-12), and it further appearing that Federal Rule of Civil Procedure 62(d) allows an appellant to obtain a stay as a matter of right by posting a supersedeas bond, that "the purpose of the supersedeas bond is to preserve the status quo during the pendency of an appeal and to protect the winning party from the possibility of loss resulting from the delay in execution,"[1] AMG Nat'l Trust Bank v. Ries, Civ. A. No. 06-CV-4337, 2008 WL 2312352, at *1 (E.D. Pa. June 4, 2008), that "[t]he bond should normally be sufficient in amount to satisfy the judgment in full," Schreiber v. Kellogg, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993), but that the trial court "can act within [its] own discretion to grant a stay without a bond or with a

---

[1] By order of court (Doc. 776) dated March 9, 2010, Bridgeport was granted a stay, pursuant to Federal Rule of Civil Procedure 62(c), of the 2006 permanent injunction (Doc. 270) and the injunction awarded as a result of the above-captioned jury trial. To make this stay effective, Bridgeport was required to post a supersedeas bond equal to 25% of the lost profits damages Arlington will suffer pending appellate disposition. (See Doc. 776 at 15-16.) The bond required to stay an injunction is separate and distinct from that required to stay execution of money judgment, and each bond is intended to secure different rights. See NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (stating that "[t]he posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment"); 11 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2905, at 519 (2d ed. 1995) ("If a judgment includes both a money award and the grant or denial of an injunction, a supersedeas stays the money award but not that part of the judgment that deals with injunctive relief.").

2

modified bond,"[2] Hurley v. Atl. City Police Dep't, 944 F. Supp. 371, 374 (D.N.J. 1996); see also In re Diet Drugs Prod. Liab. Litig., 582 F.3d 524, 552 (3d Cir. 2009) (stating that "courts may forego [the bond] requirement when there are other means to secure the judgment creditor's interests"); Munoz v. City of Phila., 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (explaining that "Rule 62(d) does not preclude a district court from staying the execution of a judgment pending appeal without the filing of a supersedeas bond"), and noting that Bridgeport has proposed that it post a bond equivalent to 25% of the monetary judgment, and be required to maintain a net worth at least three times the amount of the outstanding balance of the judgment, (see Doc. 784), and the court concluding that Bridgeport has sufficient funds to pay the full amount of the money judgment, that there is no reason to believe that prompt payment will not be tendered should the judgment be sustained on appeal,

---

[2] District courts in the Third Circuit look to several factors in assessing whether to waive or modify the Rule 62(d) bond requirement. Specifically, courts examine: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." Tomasko v. Weinstock, No. 3:98-cv-1978, 2009 WL 613590, at *1 (M.D. Pa. Mar. 6, 2009) (citing Munoz v. City of Phila., 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008), and Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988)). "[O]f all the relevant factors to consider under Rule 62(d), the factor that is most commonly used to waive the bond requirement is the financial hardship that the bond may impose on the appellant. However, the mere prospective inability to pay a judgment is insufficient for a stay without a bond unless the judgment debtor has 'objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process.'" AMG Nat'l Trust Bank v. Ries, Civ. A. No. 06-CV-4337, 2008 WL 2312352, at *2 (E.D. Pa. June 4, 2008) (internal citations omitted).

3

(see Doc. 785, Manthey Decl. ¶ 8), that requiring Bridgeport to post a supersedeas bond for the full amount of the monetary judgment will cause it to needlessly incur financial hardship, (see id. ¶¶ 5-6), but that a significant bond is warranted in order to adequately secure Arlington's rights, it is hereby ORDERED that:

1. Arlington's request to update the total damages amount prior to entry of final judgment is GRANTED as follows:

    a. Arlington shall be awarded $528,130.22 in additional lost profits damages for the period July 1, 2009 to February 28, 2010.

    b. Arlington shall be awarded $72,218.25 in prejudgment interest on the original jury award for the period October 8, 2009 to March 15, 2010.

    c. Arlington shall be awarded $7,105.17 in prejudgment interest on the lost profit damages for the period July 1, 2009 to February 28, 2010.

2. Final damages in the total amount of $3,583,173.64 shall be awarded to Arlington.[3]

3. Bridgeport's request that the court stay execution of the final money judgment pending appeal without requiring that Bridgeport post a supersedeas bond is DENIED. However, Bridgeport shall not be required to post a supersedeas bond for the full amount of the monetary judgment. The following supersedeas bond shall be posted upon or after filing a notice of appeal:

    a. Bridgeport shall post a bond equivalent to 25% of $3,583,173.64. See Hurley, 944 F. Supp. at 374 (permitting exercise of discretion in setting Rule 62(d) supersedeas bond).

    b. Bridgeport shall maintain a net worth of at least three times the amount of the final damages identified in Paragraph 2. If Bridgeport's net worth falls below this benchmark, it shall

---

[3] The final damage amount includes $2,780,555 awarded by the jury, (see Docs. 632, 774), prejudgment interest in the amount of $195,165 for the period beginning October 15, 2005 through October 7, 2009, (see Doc. 774), and the damage amounts contained in Paragraph 1, supra.

4

within ten days post a supersedeas bond with the court for the outstanding balance of the judgment. For the duration of the stay, and beginning six months from the date of this order, Bridgeport shall produce to Arlington semi-annual net worth statements confirming that its net worth conforms with the requirements of this order.

    c.    The value of the supersedeas bond is subject to reassessment in the event Bridgeport withdraws the bond tendered to stay the permanent injunctions pursuant to Federal Rule of Civil 62(c).[4] (See Doc. 776.)

4. The Clerk of Court is instructed to enter FINAL JUDGMENT of infringement in favor of Arlington with respect to the Whipper-Snap connector models identified in Question 1 and Question 3 of the Verdict Form (Doc. 638). The Clerk of Court is instructed to enter FINAL JUDGMENT of breach of contract in favor of Arlington with respect to the Whipper-Snap connector models identified in Question 8 of the Verdict Form (Doc. 638).[5]

5. The Clerk of Court is instructed to enter FINAL JUDGMENT in favor of Bridgeport with respect to the Whipper-Snap connector models identified in Paragraph 1.a of the order of court (Doc. 774) dated March 3, 2010.

6. The Clerk of Court is instructed to CLOSE this case.

                                     S/ Christopher C. Conner
                                     CHRISTOPHER C. CONNER
                                     United States District Judge

---

[4] In addition, Bridgeport has submitted a request for court approval of its Rule 62(c) supersedeas bond. This request will be addressed by separate court order.

[5] On December 9, 2009, Arlington filed a motion (Doc. 747) for entry of final judgment pursuant to Rule 54(b). Rule 54(b) permits the court to direct entry of final judgment as to one or more, but fewer than all, claims if the court expressly determines there is no just reason for delay. As of the date of this order, all of the claims in the above-captioned matter have been resolved. Thus, Arlington's motion (Doc. 747) is denied as moot.