

FILED
HARRISBURG, PA

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Arlington Industries, Inc., | ) | Civil Action No. 3:01-cv-0485 |
| | ) | (CONSOLIDATED) |
| Plaintiff, | ) | |
| vs. | ) | (Judge Christopher C. Conner) |
| | ) | |
| Bridgeport Fittings, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------- | | |
| Bridgeport Fittings, Inc., | ) | |
| | ) | |
| Consolidated Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Arlington Industries, Inc., | ) | |
| | ) | |
| Consolidated Defendant. | ) | |

## ORDER FOR ENTRY OF AMENDED FINAL JUDGMENT

The Court having received Bridgeport Fittings, Inc.'s unopposed motion

(Doc. No. 793) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for

an order amending the judgment entered on March 29, 2010, and for good cause

shown, Bridgeport's unopposed motion is GRANTED, and it is hereby ORDERED

that the Clerk of Court shall enter an Amended Final Judgment as follows, with all other portions of the Court's previous Order dated March 29, 2010 (Doc. No. 790), otherwise remaining in full force and effect:

1.     Arlington's request to update the total damages amount prior to entry of final judgment is GRANTED as follows:

    a.     Arlington shall be awarded $528,130.22 in additional lost profits damages for the period July 1, 2009 to February 28, 2010.

    b.     Arlington shall be awarded $72,218.25 in prejudgment interest on the original jury award for the period October 8, 2009 to March 15, 2010.

    c.     Arlington shall be awarded $7,105.17 in prejudgment interest on the lost profit damages for the period July 1, 2009 to February 28,2010.

2.     Final damages in the total amount of $3,583,173.64 shall be awarded to Arlington.[1]

3.     Bridgeport's request that the court stay execution of the final money judgment pending appeal without requiring that Bridgeport post a supersedeas bond is DENIED.  However, Bridgeport shall not be required to post a supersedeas

---

[1] The final damage amount includes $2,780,555 awarded by the jury, (see Docs. 632, 774), prejudgment interest in the amount of $195,165 for the period beginning October 15, 2005 through October 7,2009, (see Doc. 774), and the damage amounts contained in Paragraph 1, supra.

bond for the full amount of the monetary judgment.  The following supersedeas bond shall be posted upon or after filing a notice of appeal:

    a.    Bridgeport shall post a bond equivalent to 25% of $3,583,173.64.  See Hurley, 944 F. Supp. at 374 (permitting exercise of discretion in setting Rule 62(d) supersedeas bond).[2]

    b.    Bridgeport shall maintain a net worth of at least three times the amount of the final damages identified in Paragraph 2. If Bridgeport's net worth falls below this benchmark, it shall within ten days post a supersedeas bond with the court for the outstanding balance of the judgment. For the duration of the stay, and beginning six months from the date of this order, Bridgeport shall produce to Arlington semi-annual net worth statements confirming that its net worth conforms with the requirements of this order.

    c.    The value of the supersedeas bond is subject to reassessment in the event Bridgeport withdraws the bond tendered to stay the permanent injunctions pursuant to Federal Rule of Civil 62(c).  (See Doc. 776.)

4.    The Clerk of Court is instructed to enter an AMENDED FINAL JUDGMENT of infringement in favor of Arlington with respect to the Whipper-Snap connector models identified in Question 1 and Question 3 of the Verdict

---

[2] Bridgeport has posted a supersedeas bond in the required amount, which has been approved by the Court as to its form. See Doc. 792.

Form (Doc. 638). The Clerk of Court is instructed to enter an AMENDED FINAL JUDGMENT of breach of contract in favor of Arlington with respect to the Whipper-Snap connector models identified in Question 8 of the Verdict Form (Doc. 638).

5.    The Clerk of Court is instructed to enter an AMENDED FINAL JUDGMENT in favor of Bridgeport with respect to the Whipper-Snap connector models identified in Paragraph 1.a of the order of court (Doc. 774) dated March 3, 2010.

6.    The Clerk of Court is instructed to enter an AMENDED FINAL JUDGMENT in favor of Bridgeport and against Arlington on Bridgeport's claim for a declaratory judgment that Bridgeport's Whipper-Snap connector models 3838SP and 3838ASP do not infringe the '050 and are not mere "colorable imitations" of its 23 discontinued Snap-In connectors; and

7.    The Clerk of Court is instructed to enter an AMENDED FINAL JUDGMENT in favor of Arlington and against Bridgeport on Bridgeport's claim for a declaratory judgment of non-infringement with respect to the Whipper-Snap connector models identified in Questions 1 and 3 of the Verdict Form (Doc. 638) and on Bridgeport's claim for declaratory judgment that the Whipper-Snap connector models identified in Question 8 of the Verdict Form (Doc. 638) are not mere "colorable imitations" of its 23 discontinued Snap-In connectors.

4

8.    The Clerk of Court is instructed to CLOSE this case.

Dated:  April 28, 2010.

Christopher C. Conner
United States District Judge