## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

------------------------------------------------------------------------------

| | |
|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : |
| | : |
| **Consolidated Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **ARLINGTON INDUSTRIES, INC.,** | : |
| | : |
| **Consolidated Defendant** | : |

## <u>AMENDING ORDER</u>

On February 18, 2011, this court issued a Memorandum and Order granting
the motion to lift stay (Doc. 808) filed by Arlington Industries, Inc. ("Arlington") of
two permanent injunctions, (<u>see</u> Docs. 270, 776), issued in the above-captioned
matter.  The court conditioned the lift of stay upon issuance of the mandate from
the Federal Circuit Court of Appeals vacating judgment in the parallel litigation of
<u>Arlington Industries, Inc. v. Bridgeport Fittings, Inc.</u>, Civ. A. No. 3:06-CV-1105 (M.D.
Pa.) (Judge Caputo), *appeal docketed*, No. 2010-1025 (Fed. Cir. Oct. 16, 2009)
("<u>Arlington II</u>").

In opposing the motion to lift stay, Bridgeport Fittings, Inc. ("Bridgeport"), asserted that, until the mandate issued, the Federal Circuit's opinion in <u>Arlington II</u>, which reversed summary judgment in Bridgeport's favor, was not a final judgment.  Bridgeport indicated that it intended to file a petition for rehearing and asserted its belief that the chances of rehearing were good.  This court, refusing to engage in speculation or employ mathematical probabilities as to whether the Federal Circuit would grant a petition for rehearing, declined to lift the stay until the mandate issued.  The court cited as the basis for its decision continuing angst over the possibility of inconsistent judgments between <u>Arlington II</u> and the jury verdict in the above-captioned matter ("<u>Arlington I</u>").

Subsequent to the issuance of this court's Memorandum and Order, Bridgeport filed a petition for rehearing *en banc* in <u>Arlington II</u>.  Meanwhile, the appeal in the above-captioned matter, <u>see</u> <u>Arlington Industries, Inc. v. Bridgeport Fittings, Inc.</u>, No. 2010-1377 (Fed. Cir.) ("<u>Arlington I</u> Appeal"), remains stayed, at the parties' request, pending resolution of the appeal in <u>Arlington II</u>.  However, on March 25, 2011, Bridgeport filed a motion with the Federal Circuit requesting a stay of this court's permanent injunctions for the duration of the <u>Arlington I</u> Appeal. <u>Arlington I</u> Appeal, Doc. 25.  The motion is fully briefed and ripe for disposition by the Federal Circuit.

On April 11, 2011, the Federal Circuit denied Bridgeport's petition for rehearing in <u>Arlington II</u>.  <u>See</u> <u>Arlington II</u>, Doc. 63.  Pursuant to Federal Rule of Appellate Procedure and Federal Circuit Rule 41, the mandate issues seven (7) days

after the entry of an order denying a petition for rehearing.  FED. R. APP. P. 41(b);

F.C.R. 41(b).  On April 15, 2011, Bridgeport filed a motion to stay issuance of the

mandate.  Arlington II, Doc. 64; see also FED. R. APP. P. 41(d); F.C.R. 41(d).

Bridgeport's action prompted Arlington to submit correspondence to this court

requesting that the court amend its February 18, 2011 Order.  Arlington asks this

court to delink the lift of stay of the permanent injunctions in the above-captioned

matter from issuance of the mandate in Arlington II.  Bridgeport submitted a letter

response, and the court conducted a telephone conference on the matter on April

19, 2011.

　　At the time of this court's February 18, 2011 Memorandum and Order, the

court did not foresee the current procedural posture of the Arlington II appeal.

Unaware that procedural mechanisms would be utilized to effectively stay issuance

of the mandate beyond the denial of panel rehearing or rehearing *en banc*, the court

linked the lift of the stay of its permanent injunctions to the issuance of the

mandate in Arlington II.  However, the court's clear purpose for the stay—namely,

avoiding inconsistent judgments—no longer applies in light of the Federal Circuit's

denial of rehearing *en banc* in Arlington II.[1]

　　Further, the Federal Circuit now has before it Bridgeport's motion to stay the

permanent injunctions pending the appeal in the above-captioned matter

(Arlington I Appeal).  The Federal Circuit will therefore determine on the merits

---

　　[1]  The court obviously recognizes that Bridgeport may file a petition for writ of certiorari with the United States Supreme Court.  However, the likelihood of the Supreme Court granting the petition and overturning the Federal Circuit's opinion in Arlington II, is extremely remote.

the precise issue which the parties have raised in this court.  The matter of whether

to issue a stay of the permanent injunctions now rests with the Federal Circuit.  In

accordance with the intent underpinning my February 18, 2011 Order, I conclude

that linkage of the permanent injunctions in the instant matter to the proceedings

in Arlington II is no longer appropriate.

To give proper effect to the intent of the Court's February 18, 2011 Order, it is

hereby ORDERED that the court's Order (Doc. 826) dated February 18, 2011 is

AMENDED as follows:

1.    The portion of the Order reading "upon the issuance of a mandate
      from the Federal Circuit Court of Appeals vacating judgment in
      Arlington Industries, Inc. v. Bridgeport Fittings, Inc., Civ. A. No. 3:06-
      CV-1105 (M.D. Pa.).  Arlington shall notify the court upon issuance of
      the mandate" is VACATED.

2.    The stay of the permanent injunctions in the above-captioned case
      shall be IMMEDIATELY LIFTED only upon the issuance of an order
      by the Federal Circuit denying Bridgeport's motion for stay of
      injunctions.  See Arlington I Appeal, Doc. 25.  Arlington shall notify the
      court upon issuance of the Federal Circuit's decision on Bridgeport's
      motion to stay.


                                         S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge


Dated:        April 20, 2011