## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

-------------------------------------------------------------------------

| | |
|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : |
| | : |
| **Consolidated Plaintiff** | : |
| | : |
| **v.** | : |
| | : |
| **ARLINGTON INDUSTRIES, INC.,** | : |
| | : |
| **Consolidated Defendant** | : |

### MEMORANDUM

Presently before the court is a motion for relief from judgment (Doc. 829)

filed by Arlington Industries, Inc. ("Arlington") requesting that the court vacate its

final judgment of non-infringement of United States Patent Number 5,266,050 ("the

'050 patent") by Bridgeport Fittings, Inc.'s ("Bridgeport") Whipper-Snap Duplex

products, catalog numbers 3838SP and 3838ASPF ("the Duplex Connectors")

pursuant to Federal Rule of Civil Procedure 60(b)(5).  Bridgeport opposes the

motion, asserting that there is no reason to alter a final judgment that is currently

on appeal before the Federal Circuit.  For the reasons that follow, the court will

issue an indicative ruling under Federal Rule of Civil Procedure 62.1 that it would

grant Arlington's motion for relief from judgment if the Court of Appeals for the Federal Circuit were to remand the final judgment for that limited purposes.

## I.   **Background**[1]

Arlington's claim of patent infringement of the '050 patent by Bridgeport's Duplex Connectors was originally asserted in parallel litigation before the Honorable A. Richard Caputo.  See Arlington v. Bridgeport, Civ. A. No. 3:06-CV-1105 (M.D. Pa.) ("Arlington II").[2]  The Duplex Connectors became a part of the above-captioned matter due to an interrogatory response by Bridgeport during the discovery phase of this litigation.  Unbeknownst to this court that the Duplex Connectors were subject to litigation in two cases, this matter and Arlington II proceeded on parallel tracks with different claim constructions of the '050 patent.  The parties filed motions for summary judgment in each case.  (Docs. 382, 385; Arlington II, Docs. 110, 112, 113).  On September 18, 2008, Judge Caputo granted Bridgeport's motions for summary judgment in Arlington II, concluding that Arlington could not prove infringement of the '050 patent by Bridgeport's Duplex Connectors.  (Arlington II, Doc. 307).  However, on February 4, 2009, this court denied the parties' cross-motions for summary judgment on the issue of

_____

[1]  The parties are intimately familiar with the factual background of this case, therefore, the court will only recite the relevant procedural history pertaining to the instant motion.

[2]  Subsequent to a remand from the Federal Circuit reversing summary judgment in favor of Bridgeport, Judge Caputo reopened Arlington II and reassigned the matter to the undersigned for all further proceedings.  (See Arlington II, Doc. 368).

infringement and set trial for September 2009.  (See Docs. 471, 474).  Shortly before

trial, Bridgeport moved to stay the above-captioned matter asserting preclusion

arguments due to the final judgment of non-infringement of the Duplex Connectors

in Arlington II.[3]  (See Doc. 561).  The court denied the motion, but excised the

Duplex Connectors from trial.  (Doc. 584; Doc. 773, at 7 n.3).

Post trial, the court granted judgment of non-infringement as a matter of law

to Bridgeport on the Duplex Connectors.  (Doc. 774, at 7, 14).  The court explained

that "[b]ecause the duplex connectors are identical products to those adjudged non-

infringing by Judge Caputo, the requirements of claim preclusion are met."  (Id. at

7).  The court entered an amended final judgment on April 28, 2010.  (Doc. 799).

The parties pursued appeals to the Federal Circuit in both the instant matter

and Arlington II.  The Federal Circuit stayed the appeal in the above-captioned

matter at the parties' request pending the Circuit's opinion in Arlington II.  On

January 20, 2011, the Federal Circuit issued its opinion vacating the grant of

summary judgment of non-infringement of the '050 patent by the Duplex

Connectors in Arlington II due to an erroneous claim construction of the '050

patent.  See Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 632 F.3d 1246 (Fed.

Cir. 2011).  The mandate issued on April 21, 2011.  (Arlington II, Doc. 365).  The

Federal Circuit then lifted the stay of appeal of the above-captioned matter on

---

[3]  Although Judge Caputo granted Bridgeport's motion for summary
judgment on September 18, 2008, Judge Caputo did not enter final judgment of
non-infringement until September 1, 2009.  (Arlington II, Docs. 349-351).

May 17, 2011, and Bridgeport filed its principal brief on June 27, 2011.  <u>Arlington</u>

<u>Indus., Inc. v. Bridgeport Fittings, Inc.</u>, No. 2010-1377 (Fed. Cir.).

On May 4, 2011, Arlington filed the present motion for relief from judgment

pursuant to Federal Rule of Civil Procedure 60(b)(5) asserting that the court should

vacate its judgment of non-infringement of the '050 patent in the above-captioned

matter with respect to the Duplex Connectors.  (Doc. 829).  Arlington contends that

the judgment of non-infringement was based solely on this court's finding that

Judge Caputo's entry of judgment in Bridgeport's favor in <u>Arlington II</u> had

preclusive effect.  Now that the Federal Circuit has vacated judgment in <u>Arlington</u>

<u>II</u>, and with it removed any preclusive effect of that judgment, Arlington argues that

relief from this court's judgment of non-infringement on the Duplex Connectors is

warranted.   Arlington asserts that pursuant to Federal Rule of Civil Procedure 62.1,

the court may consider its motion, despite the fact that the matter is pending on

appeal before the Federal Circuit, and issue an indicative ruling that it would grant

the motion if the Federal Circuit were to remand the case for that purpose.

Bridgeport opposes the motion, contending that there is no reason to tamper with

the final judgment in this case currently on appeal, the Federal Circuit will address

the judgment of non-infringement of the Duplex Connectors *de novo*, and

Bridgeport will suffer serious prejudice if the court vacates judgment on the Duplex

Connectors.  (Doc. 831, at 2).  Bridgeport argues that vacating judgment will

necessitate a trial on the Duplex Connectors, which would be a waste of judicial

resources while other claim construction issues are on appeal.  (<u>Id.</u> at 3).  The

motion has been fully briefed and is ripe for disposition.

II.   **<u>Discussion</u>**

    A.   **<u>The Court's Jurisdiction</u>**

       An appeal of the above-captioned matter is currently pending before the

Federal Circuit.  Therefore, this court does not possess jurisdiction over the present

motion for relief from judgment, except to the extent that Rule 62.1 of the Federal

Rules of Civil Procedure permits.  Rule 62.1 is a rather recent addition to the

Federal Rules.  It allows the district court to issue an indicative ruling on a motion

for relief from judgment when ruling on such a motion is barred by a pending

appeal.  <u>See</u> Fed. R. Civ. P. 62.1.  Pursuant to the rule,

> (a) If a timely motion is made for relief that the court lacks authority to
> grant because of an appeal that has been docketed and is pending, the
> court may:
>> (1) defer considering the motion;
>> (2) deny the motion; or
>> (3) state either that it would grant the motion if the court
>> of appeals remands for that purpose or that the motion
>> raises a substantial issue.

<u>Id.</u> Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for

the district court to determine whether it in fact would grant the motion if the court

of appeals remands for that purpose."  <u>Id.</u> Advisory Committee's Notes (2009).

When the district court indicates that it would grant the motion for relief, the court

of appeals may remand at its discretion.  <u>See</u> Fed. R. App. P. 12.1(b).  If the court of

appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal."  Id.

Bridgeport opposes Arlington's request for an indicative ruling on several grounds.  First, Bridgeport asserts that Arlington failed to raise a substantial issue to warrant a Rule 62.1 ruling.  (Doc. 831, at 7).  Second, Bridgeport contends that because Arlington appealed the amended final judgment in favor of Bridgeport on the Duplex Connectors, the Federal Circuit will review this court's claim construction and res judicata ruling *de novo*.  (Id. at 8).  Third, Bridgeport argues that vacating the judgment of non-infringement on the Duplex Connectors will require a trial on the Duplex Connectors, waste court and party resources and delay appeal of this matter.  (Id. at 10).  Finally, Bridgeport asserts that issuing an indicative ruling and granting relief from judgment at this stage will only serve to complicate an already unusual procedural posture.  (Id. at 11).

The court is not persuaded by Bridgeport's arguments.  Arlington need not assert a substantial issue in order for this court to issue an indicative ruling that it would grant the motion for relief from judgment. The court may state that it would grant the motion or the court may state that the motion raises a substantial issue and further indicate to the circuit court that it prefers to decide the motion only upon the circuit court's request that it do so prior to resolution of the appeal.  FED. R. CIV. P. 62.1(a)(3); id. Advisory Committee's Notes (2009).  As discussed below, Arlington's motion involves a textbook application of Rule 60(b)(5).  Additionally, the court notes that, contrary to Bridgeport's assertions, the Federal Circuit is

6

unlikely to review *de novo* the claim construction for "spring metal adaptor."  In

Arlington II, the Federal Circuit construed this term in a manner identical to this

court's construction in the case *sub judice*.  Moreover, the remaining claim

construction relevant to the Duplex Connectors will not be subject to *de novo*

review by the Federal Circuit because the court adopted Bridgeport's claim

construction on the remaining claims and Arlington did not appeal that

determination.  (See Doc. 834, at 12).  Further, any review of my res judicata ruling

will be little more than a conclusion that res judicata is inapplicable, given the

vacated judgment in Arlington II.

Issuing an indicative ruling and granting relief from judgment, should the

Federal Circuit remand, will not further complicate the case; it will simplify it.

Judge Caputo has transferred the Arlington II matter to the undersigned.  The

court will conduct a trial on the Duplex Connectors, consolidating the claims in

Arlington II and in the above-captioned matter with respect to the Duplex

Connectors, which will save judicial and party resources and avoid further

inconsistent rulings between the two cases.  Moreover, even if the Federal Circuit

decides to remand for the purpose of a decision on Arlington's motion for relief

from judgment, it retains jurisdiction over the appeal of the above-captioned case,

unless it explicitly states otherwise.  FED. R. APP. P. 12.1.  The court will therefore

heed the Advisory Committee's advice and determine whether it would grant

Arlington's motion for relief from judgment should the Federal Circuit remand for

that purpose.  See FED. R. CIV. P. 62.1 Advisory Committee's Notes (2009).  The

court concludes that it would grant the motion.

### B.      Relief from Judgment Pursuant to Rule 60(b)(5)

Arlington requests relief from this court's amended final judgment of non-

infringement of the '050 patent by Bridgeport's Duplex Connectors under Rule

60(b)(5) of the Federal Rules of Civil Procedure.  Pursuant to Rule 60(b)(5) the court

may grant a party relief from final judgment when judgment "is based on an earlier

judgment that has been reversed or vacated."  FED. R. CIV. P. 60(b)(5).  Thus, the

rule applies to "cases in which the present judgment is based on the prior judgment

in the sense of res judicata or collateral estoppel."  Marshall v. Bd. of Educ.,

Bergenfield, N.J., 575 F.2d 417, 424 (3d Cir. 1978) (quoting 11 C. WRIGHT & A.

MILLER, FEDERAL PRACTICE & PROCEDURE § 2863, at 204).  Recognizing that Rule

60(b)(5) has limited application, the court finds that its application is entirely

appropriate in the present circumstance.  This court's judgment of non-

infringement on the Duplex Connectors was undeniably the result of the preclusive

effects of the judgment of non-infringement in Arlington II.  (See Doc. 774, at 7).

The Federal Circuit vacated the judgment of non-infringement in Arlington II and

remanded the matter for further proceedings.  See Arlington Indus., Inc. v.

Bridgeport Fittings, Inc., 632 F.3d 1246 (Fed. Cir. 2011).  With the judgment vacated,

its preclusive effect is removed.  The basis for this court's judgment of non-

infringement of the Duplex Connectors no longer exists.  Therefore, pursuant to

Rule 60(b)(5) the relief from judgment requested by Arlington is warranted.

8

**III.**   **<u>Conclusion</u>**

For the aforementioned reasons, the court will issue an indicative ruling pursuant to Rule 62.2 certifying that it would grant Arlington's motion for relief from judgment pursuant to Rule 60(b)(5) should the Federal Circuit remand the above-captioned case for that limited purpose.

An appropriate order follows.


<u>  S/ Christopher C. Conner  </u>
CHRISTOPHER C. CONNER
United States District Judge


Dated:      July 11, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARLINGTON INDUSTRIES, INC.,** | : | **CIVIL ACTION NO. 3:01-CV-0485** |
| | : | |
| **Plaintiff** | : | **(CONSOLIDATED)** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Defendant** | : | |

------------------------------------------------------------------------

| | | |
|---|---|---|
| **BRIDGEPORT FITTINGS, INC.,** | : | |
| | : | |
| **Consolidated Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ARLINGTON INDUSTRIES, INC.,** | : | |
| | : | |
| **Consolidated Defendant** | : | |

<u>**ORDER**</u>

AND NOW, this 11th day of July, 2011, upon consideration of the motion for
relief from judgment (Doc. 829) filed by Arlington Industries, Inc. ("Arlington"), on
May 4, 2011, pursuant to Federal Rule of Civil Procedure 60(b)(5), wherein
Arlington asks the court to vacate part of its Amended Final Judgment, entered on
April 28, 2010, in which the court granted final judgment of non-infringement of
United States Patent No. 5,266,050, by Bridgeport Fittings Inc.'s ("Bridgeport")
Whipper-Snap Duplex products, catalog numbers 3838SP and 3838ASP (<u>see</u> Doc.
799), and for the reasons set forth in the accompanying memorandum, it is hereby
ORDERED that:

1.      Pursuant to Federal Rule of Civil Procedure 62.1, the court
        INDICATES and HEREBY CERTIFIES that it will grant Arlington's
        motion for relief from judgment with respect to the Whipper-Snap
        Duplex products under Rule 60(b)(5) if the United States Court of
        Appeals for the Federal Circuit remands for that purpose.

2.      Arlington shall promptly notify the Clerk of the United States Court of
        Appeals for the Federal Circuit pursuant to Federal Rule of Appellate
        Procedure 12.1 of the court's indicative ruling.  FED. R. CIV. P. 62.1(b).


                              _S/ Christopher C. Conner____
                              CHRISTOPHER C. CONNER
                              United States District Judge